NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001081
30-JUN-2014
09:39 AM

NOS. CAAP-11-0001081, CAAP-13-0000396,
and CAAP-13-0001307

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-11-0001081**
GMAC MORTGAGE, LLC, a Delaware Limited Liability Company,
Plaintiff-Appellee,
vs.
JOYCELYN WANDA UNCIANO, Defendant-Appellant
and
WAYNE NOELANI TOM, et al., Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(Civil No. 03-1-1029-05)

and

**CAAP-13-0000306**
GMAC MORTGAGE, LLC, a Delaware Limited Liability Company,
Plaintiff-Appellee,
vs.
JOYCELYN WANDA UNCIANO, Defendant-Appellant
and
WAYNE NOELANI TOM, et al., Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(Civil No. 03-1-1029-05)

and

**CAAP-13-0001307**
JOYCELYN W. UNCIANO, Petitioner-Appellant,
vs.
GMAC MORTGAGE, LLC, Respondent-Appellee

APPEAL FROM THE LAND COURT OF THE STATE OF HAWAI'I
(APPLICATION NO. 1069; CASE NO. 11-1069)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Reifurth, JJ.)

In these consolidated appeals, Defendant-Appellant Joycelyn W. Unciano (Unciano) appeals from: (1) the Judgment filed in the Circuit Court of the First Circuit (Circuit Court)[1] on August 18, 2011 (Foreclosure Judgment), entered pursuant to the Circuit Court's "Findings of Fact; Conclusions of Law; and Order Granting Plaintiff's Motion to (1) Substitute Party and Amend Caption, and (2) for Summary Judgment and for Interlocutory Decree of Foreclosure";[2] (2) the Judgment filed in the Circuit Court on March 25, 2013 (Confirmation of Sale Judgment), entered pursuant to the Circuit Court's "Order Granting in Part and Denying in Part Plaintiff's Motion for (1) Confirmation of Sale, (2) Approval of Commissioner's Report, (3) Attorneys' Fees and Costs; and (4) a Deficiency Judgment, filed on May 23, 2012";[3] (3) the Judgment for Possession filed by the Circuit Court on March 25, 2013; and (4) the "Final Order and Decree Denying Petition of Joycelyn Wanda Unciano to Cancel Land Court Order 186175 and Amendment of Transfer Certificate of Title No. 546,739, Filed August 4, 2011" (Order Denying Land Court

---

[1] The Honorable Bert I. Ayabe presided over the entry of the pertinent judgments and orders issued by the Circuit Court after July 1, 2009. The Honorable Karen N. Blondin presided over the entry of orders in the Circuit Court prior to that time.

[2] The Circuit Court certified the Foreclosure Judgment as a final judgment under Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b) (2000).

[3] The Circuit Court certified the Confirmation of Sale Judgment as a final judgment under HRCP Rule 54(b).

Petition) filed in the Land Court of the State of Hawaiʻi (Land Court)[4] on May 20, 2013.[5]

Unciano's primary argument underlying all her consolidated appeals is that Plaintiff-Appellee GMAC Mortgage, LLC (GMAC) did not establish that, and there were genuine issues of material fact concerning whether, GMAC was the valid holder of the note and mortgage on which the foreclosure action regarding the subject property is based. As explained below, we conclude that there were genuine issues of material fact regarding whether GMAC was the valid holder of the note and mortgage on the subject property. We therefore vacate the Foreclosure Judgment, Confirmation of Sale Judgment, Judgment for Possession, and Order Denying Land Court Petition, and we remand for further proceedings.[6]

I.

On March 21, 1995, Wayne and Coleen Tom (collectively, the "Toms") executed a promissory note (Note) in favor of Western Pacific Mortgage, Inc. (Western Pacific). The Note was secured by a mortgage (Mortgage) executed by the Toms in favor of Western Pacific on property located at 92-309 Nohona Place, Kapolei,

---

[4] The Honorable Gary W.B. Chang presided.

[5] GMAC filed separate requests for judicial notice in CAAP-11-0001081, CAAP-13-0000306, and CAAP-13-0001307, requesting that we take judicial notice of various matters filed and proceedings held in the cases underlying these consolidated appeals and in related cases filed in Circuit Court and federal court, as well as certain documents regarding the Subject Property filed in Land Court. We grant GMAC's requests for judicial notice as we conclude that its requests pertain to materials that are the proper subjects of judicial notice. See Hawaiʻi Rules of Evidence Rule 201 (1993); Roxas v. Marcos, 89 Hawaiʻi 91, 110 n.9, 969 P.2d 1209, 1228 n.9 (1998).

[6] We reject Unciano's claim that the Circuit Court and Land Court were divested of jurisdiction to enter the challenged judgments and orders based on GMAC's removal to federal court of a separate lawsuit filed by Unciano and the Toms. The removed action raised issues and sought relief that were different than the issues raised and relief sought in the actions underlying this appeal, and the federal court itself recognized that the Circuit Court and Land Court cases at issue here were ongoing.

Hawai'i (Subject Property).[1]  The Mortgage was recorded in Land Court and noted on the Subject Property's certificate of title.

On December 1, 1999, the Toms conveyed the Subject Property to Unciano by Warranty Deed, and the Land Court issued Transfer Certificate of Title (TCT) No. 546,739, which identified Unciano as the registered owner of the Subject Property.  Unciano did not assume the Toms' obligations under the Note and Mortgage. After transferring the Subject Property to Unciano, the Toms defaulted on their obligations under the Note and Mortgage.

The Mortgage was transferred by various assignments. In 2000, Fleet Mortgage Corp. (Fleet), the holder of the Mortgage at that time, instituted a non-judicial foreclosure of the Mortgage, which resulted in the sale of the Subject Property to Fleet as the successful bidder at the public auction.  However, Fleet subsequently rescinded its non-judicial foreclosure, and Fleet obtained an order from the Land Court cancelling the transfer certificate of title issued pursuant to the non-judicial foreclosure and reinstating TCT No. 546,739, which identified Unciano as the registered owner.

Subsequently, Washington Mutual Bank, FA (WAMU) became the holder of the Note and Mortgage.  On May 15, 2003, WAMU filed a complaint for judicial foreclosure in the Circuit Court (Foreclosure Action), which is the action that underlies the appeals from the Circuit Court.  After WAMU filed the Foreclosure Action, the Circuit Court granted motions to substitute other parties as the plaintiff based on the purported assignment of the Mortgage.  GMAC was the last party substituted as the plaintiff, and the Circuit Court's judgments challenged by Unciano on appeal were all issued in favor of GMAC.

II.

Unciano's primary argument on appeal is that GMAC was not entitled to pursue foreclosure of the Subject Property

---

[1] The Note and Mortgage erroneously identified the address of the Subject Property as 92-309 Nohona Street.

4

because it did not establish that it was the valid holder of the Note and Mortgage on the Subject Property. The following evidence in the record is pertinent to this claim:

1. On May 1, 2006, WAMU assigned the Mortgage to Homecomings Financial Network, Inc. The Assignment of Mortgage executed by WAMU identifies the "Assignee" of the mortgage as "HOMECOMINGS FINANCIAL NETWORK, INC., a MINNESOTA CORPORATION, whose address is 1 MERIDIAN CROSSING, SUITE 100, MINNEPOLIS, MN 55423[.]" (Emphasis added.)

2. On September 10, 2008, Homecomings Financial, LLC, a Delaware limited liability company, petitioned the Land Court for an order regarding conversion of entity. The petition asserted that "HOMECOMINGS FINANCIAL NETWORK, INC., a Delaware corporation, was converted into and under the charter and title of HOMECOMINGS FINANCIAL, LLC, a Delaware limited liability company[.]" (Emphasis added). Attached to the petition was a Delaware certificate of conversion showing that on October 6, 2006, "Homecomings Financial Network, Inc., a Delaware corporation" (emphasis added), which was first incorporated in Delaware on October 10, 1995, and was incorporated in Delaware immediately prior to filing the certificate of conversion, was converted to Homecomings Financial, LLC, a Delaware limited liability company. The Land Court issued an order on September 10, 2008, granting Homecomings Financial, LLC's petition, which authorized the Assistant Registrar of the Land Court to accept for filing documents executed in the petitioner's new name, Homecomings Financial, LLC.

GMAC's claim that it was the valid holder of the Mortgage is based on an assignment from Homecomings Financial, LLC.[8/] Significant to this appeal, GMAC has not cited to any

---

[8/] On August 27, 2010, GMAC recorded an assignment of mortgage from "Homecomings Financial Network, Inc." (with no reference to the state of incorporation) to GMAC in the Land Court on TCT No. 546,739. On March 2, 2011, GMAC filed a "Petition of GMAC Mortgage, LLC for Amendment of Transfer Certificate of Title No. 546,739 and Order" (Petition for Correction). The

(continued...)

evidence in the record (and we are not aware of any evidence) which shows (1) that Homecomings Financial Network, Inc., a Minnesota corporation (hereinafter, "Homecomings, Inc. (Minnesota)"), the entity to which WAMU assigned the Mortgage, was the same entity as Homecomings Financial Network, Inc., a Delaware corporation (hereinafter, "Homecomings, Inc. (Delaware)"), which was converted into Homecomings Financial, LLC; or (2) that Homecomings, Inc. (Minnesota) transferred the Mortgage to Homecomings, Inc. (Delaware) or to Homecomings Financial, LLC.[9]

III.

GMAC moved in the Circuit Court to substitute as the plaintiff for Homecomings Financial, LLC in the Foreclosure Action and for summary judgment and decree of foreclosure.[10] Unciano opposed GMAC's motion arguing, among other things, that there were genuine issues of material fact as to whether GMAC was the owner and holder of the Mortgage and had the authority to foreclose on the Subject Property. In opposing GMAC's motion, Unciano cited to evidence in the record showing that WAMU assigned the Mortgage to Homecomings, Inc. (Minnesota) as well as to the absence of any evidence in the record linking GMAC to any assignment derived from Homecomings, Inc. (Minnesota). In particular, Unciano asserted and demonstrated that GMAC had

---

[8] (...continued)
Petition for Correction sought to amend TCT No. 546,739 to show that the assignment of the Mortgage was from Homecomings Financial, LLC, instead of Homecomings Financial Network, Inc. In support of its Petition for Correction, GMAC cited the Land Court's prior order granting Homecomings Financial, LLC's petition regarding the conversion of entity from Homecomings, Financial Network, Inc., a Delaware corporation, to Homecomings Financial, LLC. The Land Court issued Order 186175, which granted the Petition for Correction, and it recorded Order 186175 on TCT No. 546,739 on March 3, 2011. Unciano subsequently petitioned the Land Court to cancel Order 186175 and the amendment it made to TCT No. 546,739.

[9] GMAC also has not cited to any evidence in the record that shows that Homecomings, Inc. (Minnesota) and Homecomings, Inc. (Delaware) were related in some fashion.

[10] The motion was jointly filed by GMAC and Homecomings Financial, LLC, which the Circuit Court had previously substituted as the plaintiff.

6

failed to present any evidence showing that Homecomings, Inc. (Minnesota) was the same entity as Homecomings, Inc. (Delaware), or that Homecomings, Inc. (Minnesota) was in any way related to Homecomings, Inc. (Delaware). Despite the specific showing and assertions made by Unciano, GMAC did not respond by presenting any evidence that Homecomings, Inc. (Minnesota) and Homecomings, Inc. (Delaware) were the same entity or were related in some fashion. GMAC also did not present any evidence showing that Homecomings, Inc. (Minnesota) has assigned the Mortgage to Homecomings Inc. (Delaware) or to Homecomings Financial, LLC.

IV.

We review a trial court's grant or denial of summary judgment de novo, Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005), using the same standard applicable to the trial court. Iddings v. Mee-Lee, 82 Hawai'i 1, 5, 919 P.2d 263, 267 (1996). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." HRCP Rule 56(c) (2000). "A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." Blair v. Ing, 95 Hawai'i 247, 252, 21 P.3d 452, 457 (2001) (internal quotation marks and citation omitted; format altered). The evidence and the inferences drawn from the evidence must be viewed in the light most favorable to the non-moving party. Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008).

> The burden is on the party moving for summary judgment (moving party) to show the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitles the moving party to judgment as a matter of law. This burden has two components.
>
> First, the moving party has the burden of producing support for its claim that: (1) no genuine issue of material fact exists with respect to the essential elements of the

claim or defense which the motion seeks to establish or which the motion questions; and (2) based on the undisputed facts, it is entitled to summary judgment as a matter of law. Only when the moving party satisfies its initial burden of production does the burden shift to the non-moving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.

Second, the moving party bears the ultimate burden of persuasion. This burden always remains with the moving party and requires the moving party to convince the court that no genuine issue of material fact exists and that the moving party is entitled to summary judgment as a matter of law.

French v. Hawaii Pizza Hut, Inc., 105 Hawai'i 462, 470, 99 P.3d 1046, 1054 (2004) (emphasis in original omitted; format altered) (quoting GECC Fin. Corp. v. Jaffarian, 79 Hawai'i 516, 521, 904 P.2d 530, 535 (App. 1995)).

As summarized above, in opposition to GMAC's motion for summary judgment, Unciano made a specific showing (through presenting evidence and identifying the absence of evidence) of a clear break or gap between the assignment of the Mortgage to Homecomings Inc. (Minnesota) and the purported acquisition by Homecomings Inc. (Delaware) of the Mortgage. GMAC's claim to ownership of the Mortgage was based on an assignment by Homecomings Financial, LLC, the entity into which Homecomings Inc. (Delaware) had been converted. However, GMAC failed in the Circuit Court to present evidence showing how Homecomings Inc. (Delaware) had acquired the Mortgage. Based on the existing record, we conclude that there were genuine issues of material fact as to whether Homecomings Inc. (Delaware) had been a valid owner and holder of the Mortgage. This, in turn, created genuine issues of material fact regarding whether GMAC (whose interest in the Mortgage was derived from Homecomings Inc. (Delaware)) was the owner of the Mortgage and was entitled to foreclose on the Subject Property. Accordingly, we conclude that the Circuit Court erred in granting GMAC's motion for summary judgment and decree of foreclosure.[11]

---

[11] GMAC argues that Unciano did not prove that Homecomings Inc. (Minnesota) and Homecomings, Inc. (Delaware) were separate entities. However,

(continued...)

For essentially the same reasons, we conclude that the Circuit Court erred in substituting GMAC for Homecomings Financial, LLC as the plaintiff.  GMAC lacks standing to pursue the Foreclosure Action unless GMAC can show that it is the owner of the Mortgage.  Therefore, we vacate the Circuit Court's Foreclosure Judgment, which was based on the Circuit Court's order granting GMAC's motion to substitute as the plaintiff and for summary judgment and decree of foreclosure, and we remand the case for further proceedings.[12]

V.

The Circuit Court's Confirmation of Sale Judgment and Judgment for Possession were based on its Foreclosure Judgment. Our decision to vacate the Foreclosure Judgment requires that we also vacate the Confirmation of Sale Judgment and Judgment for Possession.  We also vacate the Land Court's Order Denying Land Court Petition.  The question of whether the assignment of mortgage to GMAC is properly recorded on TCT No. 546,739 will depend upon how the dispute over whether GMAC is the valid owner of the Mortgage is resolved on remand.

VI.

For the foregoing reasons, we: (1) vacate the Circuit Court's Foreclosure Judgment, Confirmation of Sale Judgment, and Judgment for Possession; (2) vacate the Land Court's Order

---

[11] (...continued) as the movant in the motion for summary judgment and decree of foreclosure, GMAC had the burden of establishing the absence of a genuine issue of material fact and its entitlement to relief.

[12] We reject Unciano's claim that she was entitled to summary judgment in the Foreclosure Action.  GMAC would be entitled to the relief it requests in the Foreclosure Action if it can show on remand that it is the owner of the Mortgage.

Denying Land Court Petition; and (3) remand the matters for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, June 30, 2014.

On the briefs:

Joycelyn W. Unciano
Defendant-Appellant Pro Se

Louise K.Y. Ing
Laura P. Mortiz
(Alston Hunt Floyd & Ing)
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge